UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6059 CAS (CWx) | Date | April 12, 2013 |
|---|---|---|---|
| Title | SUBLIME, ET AL. V. SUBLIME REMEMBERED, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

n/a                                                              n/a

**Proceedings:** (In Chambers:) PLAINTIFFS' APPLICATIONS FOR AN ORDER TO SHOW CAUSE RE CONTEMPT (Docket #122, filed March 8, 2013)

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs filed this case in this Court on September 22, 2006, seeking to enforce intellectual property rights related to the band Sublime and its music. This case was eventually settled in July 2010, when defendants agreed to permanently cease and desist selling, offering for sale, or promoting goods or services related to Sublime or a Sublime cover band. The Court issued a permanent injunction on July 19, 2010, which sets out several terms enforcing the parties settlement agreement ("the injunction"). Dkt. #117.

Plaintiffs now claim that in February 2013, they discovered that defendants were violating the injunction. On March 8, 2013, plaintiffs filed an application asking the Court to issue an order to show cause regarding why defendant should not be found in contempt of court for violating the injunction. Defendant Mike Houlihan filed an opposition on April 2, 2013, and plaintiffs filed a reply on April 8, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Plaintiffs are seeking to enforce the injunction issued by the Court on July 19, 2010, and seeks an order to show cause ("OSC") in connection with its enforcement efforts. "Injunctions are enforced through the district court's civil contempt power." In re Grand Jury Proceedings, 142 F.3d 1416, 1424 (11th Cir. 1998). A litigant's first step in enforcing an injunction is therefore to file an application requesting an order from the court requiring the defendant to show cause regarding why it should not be held in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6059 CAS (CWx) | Date | April 12, 2013 |
|---|---|---|---|
| Title | SUBLIME, ET AL. V. SUBLIME REMEMBERED, ET AL. | | |

contempt for failing to comply with the injunction. Id. "In its application for an OSC, the plaintiff cites the provision(s) of the injunction he wishes to be enforced, alleges that the defendant has not complied with such provision(s), and asks the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 13-D § 13:246 (quoting In re Grand Jury Proceedings, 142 F.3d at 1424). The request for an OSC should be granted if the application alleges sufficient grounds for finding contempt. Id.; see also Reynolds v. Roberts, 207 F.3d 1288, 1298 n. 19 (11th Cir. 2000).

     The Court finds that plaintiffs has met the standard required for an order to show cause. First, plaintiffs have alleged that defendants have violated parts 1.A, B, H, and I of the injunction, which provide that defendants must

     A.     Cease and desist selling, offering for sale, advertising and promoting goods and services related to Sublime, Bradley Nowell, Floyd "Bud" Gaugh IV or Eric Wilson, their music or creative endeavors, specifically including, but without limitation, any and all activities related to a Sublime tribute band or Sublime cover band.

     B.     Refrain from performing in public or in private for more than ten people music compositions written in whole or in part by Sublime…or contributing to, encouraging or authorizing the same

     H.     Take down all existing, and refrain from creating any new websites related to any musical group comprised of one or more of the Houlihan Parties that has performed the music of Sublime, Bradley Nowell, Floyd "Bud" Gaugh IV or Eric Wilson

     I.     Take down or cause to be taken down all videos posted . . . on the Internet and refrain [from] posting any new videos on YouTube.com, VidiLife.com or any other website that (a) feature performances of any of the Defendants performing music compositions written in whole or in part by Sublime [or its members] or (b) reference or mention, Q-Ball, Sublime Remembered, The LBC or any other Sublime tribute band or Sublime cover band comprised in whole or in part of any Houlihan Party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6059 CAS (CWx) | Date | April 12, 2013 |
|---|---|---|---|
| Title | SUBLIME, ET AL. V. SUBLIME REMEMBERED, ET AL. | | |

Dkt. #117 at 2.  Plaintiffs assert three ways in which these terms were violated.  First, plaintiffs claim that in February 2013, several videos were posted on YouTube showing performances of Sublime's music by defendants.  These performances allegedly took place at various times between 2009 and 2013.  See Lemkin Decl. ¶¶ 12 – 14; 16 – 22; 24.  Second, plaintiff claims that a Facebook page operated by defendants promotes a band entitled "Long Beach Rehab" as a Sublime cover band.  Lemkin Decl. ¶ 13.  Third, plaintiff claims that defendants have promoted a performance in Malibu, California and used the name "Sublime" in connection with the marketing.  Lemkin Decl. ¶¶ 6 – 10.

Plaintiffs have therefore identified the portions of the injunction they wish to be enforced, and alleged a violation of those provisions.  This meets the standard for issuing an order to show cause.  Consequently, the Court hereby ORDERS the defendants to show cause why they have not violated the injunction.  Defendants must file a response to this order by **April 22, 2013**.  Plaintiffs may then reply to defendants response on **April 29, 2013**.  The Court will then hold a hearing on **May 13, 2013** at **10:00 AM**.[1]

### III. CONCLUSION

In accordance with the foregoing, plaintiffs' request for an order to show cause is hereby GRANTED.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | MS | |

---

[1] Plaintiffs also request attorney's fees in the amount of $6,375, and argue that they are entitled to such fees because defendants willfully violated the injunction.  Since the first step in an enforcing an injunction is an order to show cause, this request is premature, and hence is denied without prejudice, subject to renewal if and when the Court finds that a violation of the injunction has occurred.